

**Your Missouri Courts**                    Search for Cases by: Select Search Method... ▼    **.net**

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print              GrantedPublicAccess  Logoff JSDAVIS9230

2116-CV24280 - ANGELA SAVAGE-VASSER V UBER TECHNOLOGIES, IN ET AL (E-CASE)

| Case,<br>FV Header | Parties &<br>Attorneys | Docket<br>Entries | Charges, Judgments<br>& Sentences | Service<br>Information | Filings<br>Due | Scheduled<br>Hearings & Trials | Civil<br>Judgments | Garnishments/<br>Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**             Sort Date Entries: ⦿          Display Options:
**Click here to Respond to Selected Documents**      Descending        All Entries ▼
                                                     ○ Ascending

---

04/20/2022  ☐ **Conference Call Scheduled**
                    Scheduled For: 05/25/2022;  8:10 AM ;  MARCO A ROLDAN;  Jackson - Independence

            ☐ **Conference Call Held**
                    Scheduled For: 04/20/2022;  8:10 AM ;  MARCO A ROLDAN;  Jackson - Independence

            ☐ **Order for Continuance**
                    This matter is re-set for Case Management Conference Call on May 25, 2022 at 8:10am.

03/31/2022  ☐ **Entry of Appearance Filed**
                    Entry of Appearance, Electronic Filing Certificate of Service.
                    **Filed By:** CATHERINE LENORE SCHWARZE
                    **On Behalf Of:** UBER TECHNOLOGIES, INC.

            ☐ **Answer Filed**
                    **Filed By:** JOHN MACKEL ALLEN
                    **On Behalf Of:** UBER TECHNOLOGIES, INC.

            ☐ **Entry of Appearance Filed**
                    Entry of Appearance, Electronic Filing Certificate of Service.
                    **Filed By:** JOHN MACKEL ALLEN

02/23/2022  ☐ **Conference Call Scheduled**
                    **Associated Entries:** 04/20/2022 - Conference Call Held
                    Scheduled For: 04/20/2022;  8:10 AM ;  MARCO A ROLDAN;  Jackson - Independence

            ☐ **Conference Call Held**
                    Scheduled For: 02/23/2022;  8:40 AM ;  MARCO A ROLDAN;  Jackson - Independence

            ☐ **Order for Continuance**
                    This Case is re-set for a Case Management Conference Call on April 20, 2022 at 8:10am.

01/07/2022  ☐ **Conference Call Scheduled**
                    **Associated Entries:** 02/23/2022 - Conference Call Held
                    Scheduled For: 02/23/2022;  8:40 AM ;  MARCO A ROLDAN;  Jackson - Independence

            ☐ **Hearing/Trial Cancelled**
                    Scheduled For: 02/23/2022;  8:30 AM ;  MARCO A ROLDAN;  Jackson - Independence

            ☐ **Order**
                    IT IS HEREBY ORDERED that the Case Management Conference set for February 23, 2022 at 8:30am
                    shall be reset to February 23, 2022 at 8:40am to be held by Conference Call.

<span style="color:blue">Case 4:22-cv-00328-HFS    Document 1-1    Filed 05/19/22    Page 1 of 52</span>

**11/19/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMOS-1134, for PINO, JOSETTE.

☐ **Request Filed**
Request for Alias Summons; Electronic Filing Certificate of Service.
    **Filed By:** MARK EVERETT PARRISH
    **On Behalf Of:** ANGELA L SAVAGE-VASSER

**11/18/2021** ☐ **Notice of Service**
Return of Service Non-Est on Josette Pino; Electronic Filing Certificate of Service.
    **Filed By:** ERICA FUMAGALLI
    **On Behalf Of:** ANGELA L SAVAGE-VASSER

☐ **Summons Returned Non-Est**
Document ID - 21-SMOS-1081; Served To - PINO, JOSETTE; Server - ; Served Date - 18-NOV-21;
Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

☐ **Notice of Service**
21-SMCC-10542; Electronic Filing Certificate of Service.

☐ **Corporation Served**
Document ID - 21-SMCC-10542; Served To - UBER TECHNOLOGIES, INC.; Server - ; Served Date -
17-NOV-21; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**11/08/2021** ☐ **Cert Serv of Interrog Filed**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** ERICA FUMAGALLI
    **On Behalf Of:** ANGELA L SAVAGE-VASSER

**11/05/2021** ☐ **Order - Special Process Server**

☐ **Summons Issued-Circuit**
Document ID: 21-SMOS-1081, for PINO, JOSETTE.

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-10542, for UBER TECHNOLOGIES, INC..

☐ **Case Mgmt Conf Scheduled**
    **Associated Entries:** 01/07/2022 - Hearing/Trial Cancelled
    **Scheduled For:** 02/23/2022; 8:30 AM ; MARCO A ROLDAN; Jackson - Independence

☐ **Judge Assigned**

**11/04/2021** ☐ **Filing Info Sheet eFiling**
    **Filed By:** MARK EVERETT PARRISH

☐ **Note to Clerk eFiling**
    **Filed By:** MARK EVERETT PARRISH

☐ **Motion Special Process Server**
Motion for Approval and Appointment of Private Process Server.
    **Filed By:** MARK EVERETT PARRISH
    **On Behalf Of:** ANGELA L SAVAGE-VASSER

☐ **Pet Filed in Circuit Ct**
Petition.
    **Filed By:** MARK EVERETT PARRISH

Electronically Filed - Jackson - Independence - November 04, 2021 - 11:14 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

ANGELA SAVAGE-VASSER,

        Plaintiff,

v.

UBER TECHNOLOGIES, INC.
  Serve Registered Agent:
  C T CORPORATION SYSTEM
  120 S Central Ave,
  Clayton, Missouri, 63105

and

JOSETTE PINO
  Serve at:
  902 W. 4th St,
  Edgerton, Kansas 66021

        Defendants.

Case No.

Division

## PETITION

COMES NOW Plaintiff, Angela Savage-Vasser, by and through Counsel, and states the following for their causes of action against Defendants Josette Pino and Uber Technologies, Inc.

### PARTIES

1.    Plaintiff Angela Savage-Vasser is an individual and resident of Kansas City, Missouri.

2.    Defendant Uber Technologies, Inc. ("Uber") is a foreign company in good standing within the State of Missouri, organized under the laws of California, and may be served through its Registered Agent, C T Corporation System at 120 South Central Avenue, Clayton, Missouri, 63105.

3.     At all times pertinent hereto, all employees and agents of Defendant Uber were acting in their individual capacity and also as agents of that defendant within the course and scope of their employment and authority and in the furtherance of the business of that defendant. All the acts and omissions of the employees of Defendant Uber are imputed to their employer who is liable for such acts and omissions

4.     Defendant Josette Pino ("Pino") is an individual and resident of Edgerton, Kansas.

### JURISDICTION AND VENUE

5.     Jurisdiction is proper in this Court pursuant to R.S.Mo § 506.500 in that Plaintiff's causes of action arose out of Defendants transacting business within the State of Missouri and or committing tortious acts within State of Missouri.

6.     Venue is proper in this Court pursuant to R.S.Mo § 508.010 in that Plaintiff was first injured due to the wrongful acts or negligent conduct of the Defendants in Jackson County, Missouri.

### ALLEGATIONS COMMON TO ALL COUNTS

7.     At all times relevant hereto, Defendant Uber is a transportation company that employs drivers to transport customers using the drivers' own vehicles.

8.     At all times relevant hereto, Defendant Pino was an employee and or agent of Defendant Uber operating her vehicle in the course and scope of her agency for Defendant Uber.

9.     On or about October 15, 2019, Plaintiff was operating her vehicle, traveling eastbound on 31st St and approaching Southwest Trafficway in Kansas City, Missouri.

10.     On the aforementioned date, Defendant Pino was operating her vehicle, traveling eastbound on Karnes Blvd., approaching Southwest Trafficway in Kansas City, Missouri.

11.     That both 31st St, Karnes Blvd., and Southwest Trafficway (the intersection) are public thoroughfares in Jackson County, Missouri.

12.     At all times, Plaintiff exercised reasonable care in the operation of her vehicle.

13.     On the aforementioned date, Plaintiff properly entered the intersection under a green light.

14.     On the aforementioned date, Defendant Pino attempted to make an illegal left turn onto Southwest Trafficway, crossing directly in front of Plaintiff's moving vehicle, which caused a collision.

15.     On or about the above-described date, Defendant Pino operated her vehicle in a way that caused a collision with Plaintiff's vehicle.

16.     That Defendant Pino drove her vehicle carelessly and negligently and caused a collision that had sufficient force to cause serious injuries to Plaintiff.

17.     As a direct and proximate result of the collision caused by Defendant Pino's negligence, Plaintiff has sustained severe personal injuries, including but not limited to, injuries to her head, back, stomach, chest, and fractured her right foot.

18.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff has sustained medical expenses to date.

19.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff may sustain medical expenses in the future.

20.     Plaintiff's injuries are ongoing and permanent, and she may require future medical treatment during her lifetime.

21.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff sustained pain, suffering, mental trauma, mental anguish, and loss of enjoyment

3

**EXHIBIT A**

of life, and she will continue to suffer pain, suffering, mental trauma, mental anguish and loss of enjoyment of life in the future.

22.    As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff sustained a loss of income.

23.    As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff has sustained a loss of earning capacity

24.    That as a direct and proximate result of the aforementioned acts and or omissions of Defendants, the Plaintiff has incurred extensive medical care, permanent and progressive injuries, and endured substantial pain and suffering.

### COUNT I: NEGLIGENCE
(Plaintiff v. Defendant Uber)

25.    Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

26.    That Defendant Uber, by and through its agent Defendant Pino, had a duty to exercise the highest degree of care and operate her vehicle in a careful and prudent manner so as not to endanger Plaintiff and or Plaintiff's property.

27.    That Defendant Uber, by and through its agent Defendant Pino, failed to exercise the highest degree of care in the operation of her vehicle and was negligent in, among other ways, one or more of the following ways:

    a.  Defendant drove at an excessive speed;

    b.  Defendant failed to keep a careful lookout;

    c.  Defendant failed to yield the right-of-way;

    d.  Defendant failed to stop at the intersection;

4

**EXHIBIT A**

e. Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or any combination thereof, but Defendant Pino failed to do so;

f. Defendant negligently made a left turn into the intersection when it was not clear of traffic; and or

g. Defendant negligently struck Plaintiff's vehicle.

28. That the above and foregoing negligence was the proximate cause of the collision between the vehicle operated by Defendant Uber, by and through its agent Defendant Pino, and the vehicle operated by Plaintiff.

29. That as a direct and proximate result of one or more of the Defendant's negligent actions and or omissions, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

### COUNT II: NEGLIGENCE *PER SE*
(Plaintiff v. Defendant Uber)

30. Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

31. Defendant Uber, by and through its agent Defendant Pino, was negligent *per se* and violated certain Missouri statutes in one or more of the following ways:

a. In failing to drive her vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property or life of another in violation of R.S.Mo § 304.012;

b. In failing to exercise the highest degree of care in violation of R.S.Mo § 304.012;

5

c.  In failing to yield the right-of-way to approaching vehicles on the roadway in violation of R.S.Mo. § 304.351; and or

d.  In failing to obey the instructions of the traffic control light and entering the intersection over which a red signal was shown in violation of R.S.Mo §§ 304.271 and 304.311.

32.    Plaintiff was within the class of persons intended to be protected by said statutes; Plaintiff sustained serious and painful injuries that said statutes were designed to prevent; and the violations of said statutes proximately caused the injuries to Plaintiff.

33.    As a direct and proximate result of one or more of the Defendant Uber's negligent actions, omissions, and or violations of law, by and through its agent Defendant Pino, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

### COUNT III: NEGLIGENCE
(Plaintiff v. Defendant Pino)

34.    Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

35.    That Defendant Pino had a duty to exercise the highest degree of care and operate her vehicle in a careful and prudent manner so as not to endanger Plaintiff and or Plaintiff's property.

36.    That Defendant Pino failed to exercise the highest degree of care in the operation of her vehicle and was negligent in, among other ways, one or more of the following ways:

a.  Defendant Pino drove at an excessive speed;

b.  Defendant Pino failed to keep a careful lookout;

c.  Defendant Pino failed to yield the right-of-way;

6

**EXHIBIT A**

d.  Defendant Pino failed to stop at the intersection;

e.  Defendant Pino knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or any combination thereof, but Defendant Pino failed to do so;

f.  Defendant Pino negligently made a left turn into the intersection when it was not clear of traffic; and or

g.  Defendant Pino negligently struck Plaintiff's vehicle.

37.  That the above and foregoing negligence was the proximate cause of the collision between the vehicle operated by Defendant Pino and the vehicle operated by Plaintiff.

38.  That as a direct and proximate result of one or more of the Defendants' negligent actions and or omissions, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

### COUNT IV: NEGLIGENCE *PER SE*
(Plaintiff v. Defendant Pino)

39.  Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

40.  Defendant Pino was negligent *per se* and violated certain Missouri statutes in one or more of the following ways:

a.  In failing to drive her vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property or life of another in violation of R.S.Mo § 304.012;

b.  In failing to exercise the highest degree of care in violation of R.S.Mo § 304.012;

7

c. In failing to yield the right-of-way to approaching vehicles on the roadway in violation of R.S.Mo. § 304.351; and or

d. In failing to obey the instructions of the traffic control light and entering the intersection over which a red signal was shown in violation of R.S.Mo §§ 304.271 and 304.311.

41. Plaintiff was within the class of persons intended to be protected by said statutes; Plaintiff sustained serious and painful injuries that said statutes were designed to prevent; and the violations of said statutes proximately caused the injuries to Plaintiff.

42. As a direct and proximate result of one or more of the Defendant Pino's negligent actions, omissions, and or violations of law, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

### DEMAND FOR JURY TRIAL AND RIGHT TO AMEND

43. Plaintiff demands trial by jury.

44. Plaintiff specifically reserves the right to amend this Petition.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment against Defendant in an amount in excess of the Twenty-Five Thousand Dollar ($25,000) jurisdictional minimum in such sum which is fair and reasonable for actual damages, for the Plaintiff's costs incurred and expended herein, for reasonable attorney's fees, interest and penalties, and for such other relief as the Court deems just and proper.

8

**EXHIBIT A**

Electronically Filed - Jackson - Independence - November 04, 2021 - 11:14 AM

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

Mark E. Parrish     Mo. Bar No. 40571
Joshua A. Sanders    Mo. Bar No. 64305
Erica Fumagalli      Mo. Bar No. 70069
PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: mparrish@bktplaw.com
E-mail: jsanders@bktplaw.com
E-mail: efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

9

**EXHIBIT A**

Electronically Filed - Jackson - Independence - November 04, 2021 - 11:14 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☐ **AT KANSAS CITY** ☒ **AT INDEPENDENCE**

<u>ANGELA SAVAGE-VASSER</u>
PETITIONER/PLAINTIFF,

VS.                                                                CASE NO._____

<u>UBER TECHNOLOGIES, INC. and JOSETTE PINO</u>
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

     Greg Hulver: PPS21-0007; Valerie Summer: PPS21-0481; Rick Swank: PPS21-0613
     Conni Wilson: PPS21-0089; Scott Wiechmann: PPS21-0231

The Petitioner/Plaintiff states that:
☐   The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☒   The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☐   The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
Petitioner/ Plaintiff's Signature

## ORDER

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____      _____
DATE                                                JUDGE

**EXHIBIT A**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

ANGELA L SAVAGE-VASSER,

               **PLAINTIFF(S),**                **CASE NO. 2116-CV24280**

VS.                                           **DIVISION 16**

UBER TECHNOLOGIES, INC.,

               **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **23-FEB-2022** in **DIVISION 16** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

        a.       A trial setting;

        b.       Expert Witness Disclosure Cutoff Date;

        c.       A schedule for the orderly preparation of the case for trial;

        d.       Any issues which require input or action by the Court;

        e.       The status of settlement negotiations.

EXHIBIT A

Case 4:22-cv-00328-HFS   Document 1-1   Filed 05/19/22   Page 13 of 52

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **MARCO A ROLDAN**
MARCO A ROLDAN, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ERICA FUMAGALLI, 221 W LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64051

JOSHUA ALTON SANDERS, BOYD KENTER THOMAS & PARRISH, 221 W LEXINGTON, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051

MARK EVERETT PARRISH, 221 W LEXINGTON STE 200, P O BOX 1099, INDEPENDENCE, MO 64051

Defendant(s):
 UBER TECHNOLOGIES, INC.
 JOSETTE PINO

Dated:  05-NOV-2021                                MARY A. MARQUEZ

Court Administrator

Case 4:22-cv-00328-HFS   Document 1-1   Filed 05/19/22   Page 15 of 52

EXHIBIT A



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** UBER TECHNOLOGIES, INC.
**Alias:**
SERVE: CT CORPORATION SYSTEM
120 S. CENTRAL AVENUE
CLAYTON, MO 63105



*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-NOV-2021
_____          _____
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

                    Subscribed and sworn to before me on _____ (date).

*(Seal)*

                    My commission expires: _____          _____
                                                              Date                              Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-10542** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00328-HFS   Document 1-1   Filed 05/19/22   Page 16 of 52

EXHIBIT A

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                                    Circuit Court of Jackson County

6/2020

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
|---|---|
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JOSETTE PINO
Alias:

**PRIVATE PROCESS SERVER**

902 W. 4TH ST.
EDGERTON, KS 66021

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

<u>05-NOV-2021</u>
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Independence - November 04, 2021 - 11:14 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☐ AT KANSAS CITY ☒ AT INDEPENDENCE

ANGELA SAVAGE-VASSER
PETITIONER/PLAINTIFF,

VS.                                                    CASE NO._____

UBER TECHNOLOGIES, INC. and JOSETTE PINO
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

> Greg Hulver: PPS21-0007; Valerie Summer: PPS21-0481; Rick Swank: PPS21-0613
> Conni Wilson: PPS21-0089; Scott Wiechmann: PPS21-0231

The Petitioner/Plaintiff states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
Petitioner/ Plaintiff's Signature

## ORDER

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

05-Nov-2021
_____
DATE

_____
DEPUTY COURT ADMINISTRATOR

**EXHIBIT A**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

ANGELA SAVAGE-VASSER,

                    Plaintiff,

    v.

UBER TECHNOLOGIES, INC. and
JOSETTE PINO

                    Defendants.

Case No. 2116-CV24280

Division 16

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's First Interrogatories to Defendant Uber Technologies, Inc., Plaintiff's First Request for Production of Documents and Things to Defendant Uber Technologies, Inc., Plaintiff's First Interrogatories to Defendant Josette Pino and Plaintiff's First Request for Production of Documents and Things to Defendant Josette Pino are being served with the Petition by private process server and the Sheriff of St. Louis County.

                Respectfully submitted,

                BOYD KENTER THOMAS & PARRISH, LLC

                Mark E. Parrish     Mo. Bar No. 40571
                Joshua A. Sanders   Mo. Bar No. 64305
                Erica Fumagalli     Mo. Bar No. 70069
                PO Box 1099
                221 W. Lexington Avenue, Suite 200
                Independence, Missouri 64051
                Telephone: (816) 471-4511
                Facsimile:  (816) 471-8450
                E-mail:  mparrish@bktplaw.com
                E-mail:  jsanders@bktplaw.com
                E-mail:  efumagalli@bktplaw.com

                ATTORNEYS FOR PLAINTIFF



*Return*

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

*SB 12-5*

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
|---|---|
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** UBER TECHNOLOGIES, INC.

Alias: *30 Coop viry*

**SERVE: CT CORPORATION SYSTEM**
**120 S. CENTRAL AVENUE**
**CLAYTON, MO 63105**

*COURT SEAL OF*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>05-NOV-2021</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) **INTAKE SPECIALIST** _____ (title).

☐ other _____

Served at **CT CORPORATION** _____ (address)

in **St. Louis County** (County/City of St. Louis), MO, on **NOV 17 2021** (date) at **9 mm** (time).

*(Seal)*

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*21-SMCC- 10265*

*11-15-21 CE*

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-10542   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



*Return*

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - November 18, 2021 - 10:27 AM

*SB*
*125*

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| **vs.** | |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** UBER TECHNOLOGIES, INC.

Alias: *30*

*C-TOP HWY*

SERVE: CT CORPORATION SYSTEM
120 S. CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

*(seal image)* CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-NOV-2021
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) **INTAKE SPECIALIST** (title).

☐ other _____

Served at **CT CORPORATION** _____ (address)

in **St. Louis County** (County/City of St. Louis), MO, on **NOV 17 2021** (date) at **9 mm** (time).

*Leisinger*
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
_____  _____
Date                 Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*21-SMCC-10265*

*11-15-21*
*CC*

**EXHIBIT A**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Vehicular | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JOSETTE PINO
Alias:

**PRIVATE PROCESS SERVER**

902 W. 4TH ST.
EDGERTON, KS 66021

COURT SEAL OF

JACKSON COUNTY

Further Information:

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

05-NOV-2021
Date _____ Clerk

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Jackson_ County, _Mo_ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☑ other (describe) _NON-Est._

Served at _____ (address)
in _____ County, _____ (state), on _11/15/2021_ (date) at _____ (time).

_____ Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)
☑ Notary _____ Signature and Title

ANGEL K. ROMI
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JANUARY 26, 2025
JACKSON COUNTY
COMMISSION #13659460

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 21-SMOS-1081   1 of 2        (2116-CV24280)<br>Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**EXHIBIT A**
Case 4:22-cv-00328-HFS   Document 1-1   Filed 05/19/22   Page 25 of 52

Electronically Filed - Jackson - Independence - November 18, 2021 - 03:32 PM

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC.<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050<br><br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JOSETTE PINO
Alias:

902 W. 4TH ST.
EDGERTON, KS 66021

**PRIVATE PROCESS SERVER**

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

05-NOV-2021
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Jackson_ County, _Mo_ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other (describe) _NON-Est._

Served at _____ (address)
in _____ County, _____ (state), on _11/15/2021_ (date) at _____ (time).

_____ Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)
☒ Notary _____ _Angel K. Romi_ _____ Signature and Title

| ANGEL K. ROMI |
|---|
| NOTARY PUBLIC - NOTARY SEAL |
| STATE OF MISSOURI |
| MY COMMISSION EXPIRES JANUARY 26, 2025 |
| JACKSON COUNTY |
| COMMISSION #13659460 |

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 21-SMOS-1081 1 of 2 (2116-CV24280)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY          ☒ AT INDEPENDENCE

ANGELA SAVAGE-VASSER

NO. 2116-CV24280

VS.

☒ CIRCUIT JUDGE

UBER TECHNOLOGIES, INC. and JOSETTE PINO

☐ ASSOCIATE CIRCUIT JUDGE

☐ SMALL CLAIMS

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS

☒ **PRIVATE PROCESS**          ☐ **CIVIL PROCESS**

☒ ISSUE ALIAS SUMMONS TO DEFENDANT

Josette Pino

902 W. 4th Street

Edgerton, KS 66021

Johnson
COUNTY OF SERVICE

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT

☐ AUTHENTICATED  ☐ CERTIFIED  ☐ RECORD AS LIEN
☐ W/LETTER

## REQUESTED BY

Mark E. Parrish
NAME OF ☐ CREDITOR ☒ ATTORNEY & BAR NO.

SIGNATURE

221 W. Lexington, Suite 200
ADDRESS

(816) 471-4511
PHONE

Independence, MO  64050
CITY          STATE          ZIP

November 19, 2021
DATE

## Please Provide Original & Copy

CIRCT 1699 - 4/98



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV24280 |
| Plaintiff/Petitioner:<br>ANGELA L SAVAGE-VASSER | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>UBER TECHNOLOGIES, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JOSETTE PINO
Alias:

902 W. 4TH ST.
EDGERTON, KS 66021

## PRIVATE PROCESS SERVER

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

19-NOV-2021
Date

_____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
*(Seal)* ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 21-SMOS-1134** 1 of 2     **(2116-CV24280)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo
Case 4:22-cv-00328-HFS   Doc. #1-1   EXHIBIT 1-A   Filed 05/19/22   Page 28 of 52

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

ANGELA SAVAGE-VASSER,

    Plaintiff(s),

vs.

UBER TECHNOLOGIES, INC *et al*,

    Defendant(s).

Case No. 2116-CV24280

Division: 16

## ORDER

IT IS HEREBY ORDERED that the Case Management Conference set for February 23, 2022 at 8:30am shall be reset to **February 23, 2022 at 8:40am** to be held by **Conference Call.**

IT IS THEREFORE ORDERED that all parties necessary shall call Toll Free: **1-888-204-5984** and when prompted enter Access Code: **9417657** on **February 23, 2022 at 8:40am**.

IT IS SO ORDERED.

_____
MARCO A. ROLDAN, JUDGE

Dated: January 7, 2022

### Certificate of Service
This is to certify that a notice of the entry of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/ emailed/mailed to the following person(s):

efumagalli@bktplaw.com, jsanders@bktplaw.com, mparrish@bktplaw.com
Uber Technologies, Inc at 120 S Central Ave, Clayton, MO 63105

_____
Judicial Administrative Assistant/Law Clerk



**IN THE 16th JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division: **16** | Case Number: **2116-CV24280** |
|---|---|

**ANGELA L SAVAGE-VASSER, represented by MARK EVERETT PARRISH**
vs.
**UBER TECHNOLOGIES, INC., represented by** _____
Case Type    **TE - CC Pers Injury-Vehicular**

## ORDER

### SCHEDULING:

☒    This Case is re-set for a **Case Management Conference Call** on **April 20, 2022 at 8:10am**. Parties necessary shall call Toll Free: **1-888-204-5984** and when prompted enter Access Code: **9417657**.

☐    Motions for leave to amend the pleadings shall be filed no later than _____.

☐    Motions for leave to add additional parties shall be filed no later than _____.

☐    All discovery shall be commenced or served to be completed by _____.

☐    Designation and deposition or experts:

☐        Plaintiffs shall designate their retained and non-retained testifying experts by no later than _____.

☐        Plaintiffs shall make their retained expert witnesses available for deposition by no later than _____.

☐        Defendants shall designate their retained and non-retained testifying experts by no later than _____.

☐        Defendants shall make their retained expert witnesses available for deposition by no later than _____.

☐    All potentially dispositive motions shall be filed no later than _____. No extensions shall cause the final sur-reply to be filed less than twenty (20) days prior to trial.

☐    Not later than fourteen (14) calendar days before trial, the parties shall serve and file with the Court a designation, by page and line, of any deposition testimony that the offering part intends to read at trial. Not later than seven (7) calendar days before trial, each party shall serve and file with the Court any objections to the other party's deposition designations and shall provide any counter-designations. Not later than three (3) calendar days before trial, the parties shall serve and file with the Court any objections to the other parties' counter-designations.

☐    Motions in limine and supporting briefs shall be filed not later than ten (10) calendar days before the date of trial. Brief in opposition to motions in limine shall be filed not later than three (3) calendar days before trial.

☐    Proposed jury instructions shall be filed by the parties not later than Friday preceding the trial.

☐    Any request for a hearing on discovery issues or dispositive motions shall be in writing.

☐    Continuance requests shall conform to local rule 34.1. The parties are encouraged to approach the Court as soon as timelines in the scheduling order are not met.

☐    Mediation is ordered.

☐    Other: _____.

### NOTES:

☐    Expected Length of Trial: _____ days. Jurors Requested: _____ .

☐    Status of Discovery: _____.

☐        Written: _____.

☐        Depositions: _____.

**IT IS SO ORDERED.**

| FEBRUARY 23, 2022 | _Marco a. Roldan_ |
|---|---|
| Date | Judge **MARCO A ROLDAN** |

Case 4:22-cv-00328-HFS   Document 1-1   Filed 05/19/22   Page 32 of 52
EXHIBIT A
Case no.2116-CV24280                                      Page 1 of 1                                      16CVSCHED (12/2018)

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**
**SIXTEENTH JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| ANGELA SAVAGE-VASSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2116-CV24280 |
| v. | ) | |
| | ) | Division 16 |
| UBER TECHNOLOGIES, INC., and | ) | |
| JOSETTE PINO, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COME NOW John M. Allen and the law firm of Goldberg Segalla, LLP, and enter their

appearance on behalf of Defendant Uber Technologies, Inc., in the above-styled cause.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:    /s/ John M. Allen_____
John M. Allen, #49642
Catherine L. Schwarze, #71161
PO Box 1017
Buffalo, NY 14201
Phone:  (314) 446-3370
Fax:  (314) 446-3360
Email: jallen@goldbergsegalla.com
          cschwarze@goldbergsegalla.com

*Attorneys for Defendant Uber*
*Technologies, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served through the
Court's eFiling system and/or by facsimile, hand delivery, electronic mail, or U.S. Mail, postage
prepaid, this 31st day of March, 2022 to all counsel of record.

    /s/   John M. Allen_____

31909720.v1

**EXHIBIT A**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE
SIXTEENTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| ANGELA SAVAGE-VASSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2116-CV24280 |
| v. | ) | |
| | ) | Division 16 |
| UBER TECHNOLOGIES, INC., and | ) | |
| JOSETTE PINO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

COMES NOW Defendant Uber Technologies, Inc. ("Defendant"), by and through its attorneys Goldberg Segalla, LLP, and for its Answer and Affirmative Defenses to Plaintiff's Petition, states as follows:

## PARTIES

1.      Plaintiff Angela Savage-Vasser is an individual and resident of Kansas City, Missouri.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

2.      Defendant Uber Technologies, Inc. ("Uber") is a foreign company in good standing within the State of Missouri, organized under the laws of California, and may be served through its Registered Agent, CT Corporation System at 120 South Central Avenue, Clayton, Missouri, 63105.

**Admitted in part and denied in part. Defendant admits Uber Technologies, Inc. is in good standing within the State of Missouri. Defendant further admits its Registered Agent,**

1

CT Corporation System is at 120 South Central Avenue, Clayton, Missouri 63105. Defendant denies the remaining allegations in paragraph 2 of Plaintiff's Petition.

3.      At all times pertinent hereto, all employees and agents of Defendant Uber were acting in their individual capacity and also as agents of that defendant within the course and scope of their employment and authority and in the furtherance of the business of that defendant. All the acts and omissions of the employees of Defendant Uber are imputed to their employer who is liable for such acts and omissions

**Denied.**

4.      Defendant Josette Pino ("Pino") is an individual and resident of Edgerton, Kansas.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to R.S.Mo § 506.500 in that Plaintiff's causes of action arose out of Defendants transacting business within the State of Missouri and or committing tortious acts within State of Missouri.

**The allegations in paragraph 5 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent the allegations in paragraph 5 of Plaintiff's Petition are construed as factual allegations, Defendant denies them.**

6.      Venue is proper in this Court pursuant to R.S.Mo § 508.010 in that Plaintiff was first injured due to the wrongful acts or negligent conduct of the Defendants in Jackson County, Missouri.

2

Electronically Filed - Jackson - Independence - March 31, 2022 - 11:57 AM

The allegations in paragraph 6 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent the allegations in paragraph 6 of Plaintiff's Petition are construed as factual allegations, Defendant denies them.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      At all times relevant hereto, Defendant Uber is a transportation company that employs drivers to transport customers using the drivers' own vehicles.

**Denied.**

8.      At all times relevant hereto, Defendant Pino was an employee and or agent of Defendant Uber operating her vehicle in the course and scope of her agency for Defendant Uber.

**Denied.**

9.      On or about October 15, 2019, Plaintiff was operating her vehicle, traveling eastbound on 31st St. and approaching Southwest Trafficway in Kansas City, Missouri.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

10.      On the aforementioned date, Defendant Pino was operating her vehicle, traveling eastbound on Karnes Blvd., approaching Southwest Trafficway in Kansas City, Missouri.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

11.      That both 31S1 St, Karnes Blvd., and Southwest Trafficway (the intersection) are public thoroughfares in Jackson County, Missouri.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

12.    At all times, Plaintiff exercised reasonable care in the operation of her vehicle.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

13.    On the aforementioned date, Plaintiff properly entered the intersection under a green light.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

14.    On the aforementioned date, Defendant Pino attempted to make an illegal left turn onto Southwest Trafficway, crossing directly in front of Plaintiff's moving vehicle, which caused a collision.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

15.    On or about the above-described date, Defendant Pino operated her vehicle in a way that caused a collision with Plaintiff's vehicle.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

4

**EXHIBIT A**

16.     That Defendant Pino drove her vehicle carelessly and negligently and caused a collision that had sufficient force to cause serious injuries to Plaintiff.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

17.     As a direct and proximate result of the collision caused by Defendant Pino's negligence, Plaintiff has sustained severe personal injuries, including but not limited to, injuries to her head, back, stomach, chest, and fractured her right foot.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

18.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff has sustained medical expenses to date.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

19.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff may sustain medical expenses in the future.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

20.     Plaintiff's injuries are ongoing and permanent, and she may require future medical treatment during her lifetime.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

21.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff sustained pain, suffering, mental trauma, mental anguish, and loss of enjoyment of life, and she will continue to suffer pain, suffering, mental trauma, mental anguish and loss of enjoyment of life in the future.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

22.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff sustained a loss of income.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

23.     As a direct and proximate result of Defendant Pino's negligence and Plaintiff's injuries, Plaintiff has sustained a loss of earning capacity.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

24.     That as a direct and proximate result of the aforementioned acts and or omissions of Defendants, the Plaintiff has incurred extensive medical care, permanent and progressive injuries, and endured substantial pain and suffering.

6

Electronically Filed - Jackson - Independence - March 31, 2022 - 11:57 AM

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

<u>COUNT I: NEGLIGENCE</u>

<u>(Plaintiff v. Defendant Uber)</u>

25.     Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

**Defendant incorporates its answers to paragraphs 1 – 24 of Plaintiff's Petition as though fully set forth herein.**

26.     That Defendant Uber, by and through its agent Defendant Pino, had a duty to exercise the highest degree of care and operate her vehicle in a careful and prudent manner so as not to endanger Plaintiff and or Plaintiff's property.

**The allegations in paragraph 26 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent the allegations in paragraph 26 of Plaintiff's Petition are construed as factual allegations, Defendant denies them.**

27.     That Defendant Uber, by and through its agent Defendant Pino, failed to exercise the highest degree of care in the operation of her vehicle and was negligent in, among other ways, one or more of the following ways:

a.      Defendant drove at an excessive speed;

b.      Defendant failed to keep a careful lookout;

c.      Defendant failed to yield the right-of-way;

d.      Defendant failed to stop at the intersection;

7

**EXHIBIT A**

e.      Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or any combination thereof, but Defendant Pino failed to do so;

f.      Defendant negligently made a left turn into the intersection when it was not clear of traffic; and or

g.      Defendant negligently struck Plaintiff's vehicle.

**Denied, including all subparts.**

28.     That the above and foregoing negligence was the proximate cause of the collision between the vehicle operated by Defendant Uber, by and through its agent Defendant Pino, and the vehicle operated by Plaintiff.

**Denied.**

29.     That as a direct and proximate result of one or more of the Defendant's negligent actions and or omissions, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

**Denied.**

WHEREFORE, Defendant Uber Technologies, Inc., having fully answered Count I of Plaintiff's Petition, requests that the Court dismiss Plaintiffs' Petition with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE

### (Plaintiff v. Defendant Uber)

30.     Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

8

**Defendant incorporates its answers to paragraphs 1 – 29 of Plaintiff's Petition as though fully set forth herein.**

31.     Defendant Uber, by and through its agent Defendant Pino, was negligent per se and violated certain Missouri statutes in one or more of the following ways:

      a.     In failing to drive her vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property or life of another in violation of R.S.Mo § 304.012;

      b.     In failing to exercise the highest degree of care in violation of R.S.Mo § 304.012;

      c.     In failing to yield the right-of-way to approaching vehicles on the roadway in violation of R.S.Mo. § 304.351; and or

      d.     In failing to obey the instructions of the traffic control light and entering the intersection over which a red signal was shown in violation of R.S.Mo §§ 304.271 and 304.311.

**Denied, including all subparts.**

32.     Plaintiff was within the class of persons intended to be protected by said statutes; Plaintiff sustained serious and painful injuries that said statutes were designed to prevent; and the violations of said statutes proximately caused the injuries to Plaintiff.

**Denied.**

33.     As a direct and proximate result of one or more of the Defendant Uber's negligent actions, omissions, and or violations of law, by and through its agent Defendant Pino, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

**Denied.**

9

WHEREFORE, Defendant Uber Technologies, Inc., having fully answered Count II of Plaintiff's Petition, requests that the Court dismiss Plaintiffs' Petition with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE

### (Plaintiff v. Defendant Pino)

34.     Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

**Defendant incorporates its answers to paragraphs 1 – 33 of Plaintiff's Petition as though fully set forth herein.**

35.     That Defendant Pino had a duty to exercise the highest degree of care and operate her vehicle in a careful and prudent manner so as not to endanger Plaintiff and or Plaintiff's property.

**The allegations in paragraph 35 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent the allegations in paragraph 35 of Plaintiff's Petition are construed as factual allegations, Defendant denies them.**

36.     That Defendant Pino failed to exercise the highest degree of care in the operation of her vehicle and was negligent in, among other ways, one or more of the following ways:

a.      Defendant Pino drove at an excessive speed;

b.      Defendant Pino failed to keep a careful lookout;

c.      Defendant Pino failed to yield the right-of-way;

d.      Defendant Pino failed to stop at the intersection;

e.      Defendant Pino knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or

10

Electronically Filed - Jackson - Independence - March 31, 2022 - 11:57 AM

swerved, or slackened speed, or sounded a warning, or any combination thereof, but Defendant Pino failed to do so;

f.      Defendant Pino negligently made a left turn into the intersection when it was not clear of traffic; and or

g.      Defendant Pino negligently struck Plaintiff's vehicle.

**Denied, including all subparts. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and its subparts of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

37.     That the above and foregoing negligence was the proximate cause of the collision between the vehicle operated by Defendant Pino and the vehicle operated by Plaintiff.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

38.     That as a direct and proximate result of one or more of the Defendants' negligent actions and or omissions, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

WHEREFORE, Defendant Uber Technologies, Inc., having fully answered Count III of Plaintiff's Petition, requests that the Court dismiss Plaintiffs' Petition with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## COUNT IV: NEGLIGENCE PER SE

### (Plaintiff v. Defendant Pino)

39.     Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

**Defendant incorporates its answers to paragraphs 1 – 38 of Plaintiff's Petition as though fully set forth herein.**

40.     Defendant Pino was negligent per se and violated certain Missouri statutes in one or more of the following ways:

a.      In failing to drive her vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property or life of another in violation of R.S.Mo § 304.012;

b.      In failing to exercise the highest degree of care in violation of R.S.Mo § 304.012;

c.      In failing to yield the right-of-way to approaching vehicles on the roadway in violation of R.S.Mo. § 304.351; and or

d.      In failing to obey the instructions of the traffic control light and entering the intersection over which a red signal was shown in violation of R.S.Mo §§ 304.271 and 304.311.

**Denied, including all subparts. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and its subparts of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

41.     Plaintiff was within the class of persons intended to be protected by said statutes; Plaintiff sustained serious and painful injuries that said statutes were designed to prevent; and the violations of said statutes proximately caused the injuries to Plaintiff.

12

**EXHIBIT A**

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

42.     As a direct and proximate result of one or more of the Defendant Pino's negligent actions, omissions, and or violations of law, as particularly set forth above, Plaintiff sustained damages and injuries as described in Paragraphs 16 through 24 of this Petition.

**Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Petition, and, therefore, denies those allegations and leaves Plaintiff to her proof.**

WHEREFORE, Defendant Uber Technologies, Inc., having fully answered Count IV of Plaintiff's Petition, requests that the Court dismiss Plaintiffs' Petition with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL AND RIGHT TO AMEND

43.     Plaintiff demands trial by jury.

**The allegations in paragraph 43 of Plaintiff's Petition do not require a response.  To the extent a response is required, Defendant denies the allegations in paragraph 43 of Plaintiff's Petition.**

44.     Plaintiff specifically reserves the right to amend this Petition.

**The allegations in paragraph 44 of Plaintiff's Petition do not require a response.  To the extent a response is required, Defendant denies the allegations in paragraph 44 of Plaintiff's Petition.**

13

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Uber Technologies, Inc. sets forth the following affirmative defenses to the claims made in Plaintiff's Petition. In doing so, Defendant does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

1.　　Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.　　A third party's negligence and/or comparative fault caused and/or contributed to any injuries Plaintiff allegedly suffered, in whole or part.

3.　　Defendant states that its liability, if any, to Plaintiff or any other party, person or entity, whether such liability be imposed by way of contract or otherwise, for any damages arising as a result of the occurrence identified in Plaintiff's Petition, be limited in accordance with Missouri law, including but not limited to Mo. Rev. Stat. §537.067.

4.　　Defendant states that it intends to rely upon the provisions of Mo. Rev. Stat. §490.715, limiting the economic damages for medical expenses to the amounts actually paid to healthcare providers.

5.　　Plaintiff's claims are barred by the applicable statutes of limitation or repose.

6.　　Plaintiff's claims are barred by reason of laches, waiver, estoppel, unclean hands, unjust enrichment, and/or any other equitable defense.

7.　　Defendant denies that any damages, injuries, or losses of any kind or character, or of any sum or amount, have been suffered by Plaintiff by reason of any acts, omissions, carelessness, negligence, or intentional conduct on the part of Defendant or on the part of any of Defendant's agents, servants, employees, or any other person or persons acting or purporting to act on behalf of Defendant.

8.　　Plaintiff has failed to mitigate her damages.

14

9.     Plaintiff is estopped from bringing this suit by her own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at her first opportunity, Plaintiff's failure to keep a careful lookout, and Plaintiff's failure to yield to the right of way when entering the intersection.

10.     If another defendant or another party makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

11.     If any portion of Plaintiff's alleged damages are divisible, Defendant asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

12.     Some or all of the damages claimed by Plaintiff are limited or are not recoverable under the applicable law. Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

13.     The Petition, and each cause of action therein, may be barred, in whole or part, under the independent contractor defense because Defendant Josette Pino was an independent contractor responsible for her own means and methods, thereby making the doctrines of *respondeat superior* and agency inapplicable.

14.     At no time or place set forth in the Petition did any other defendant or third person alleged to be at fault operate as the agent or employee of Defendant, such that Defendant can be held vicariously liable for their acts. Should any other defendant or third party be deemed to have any affiliation with this Defendant, then such other defendant or third party was independently

15

responsible for their own means and methods. Accordingly, the doctrines of *respondeat superior* and agency are inapplicable and Defendant has no vicarious liability for acts or omissions by said other defendants or third parties.

15.  Defendant is informed and believes, and thereon alleges, that Defendant Josette Pino is contractually obligated to defend, indemnify and hold Defendant harmless for all claims asserted by Plaintiff.

16.  To the extent that they are not inconsistent with the position of Defendant, Defendant adopts and incorporates the affirmative defenses asserted by all other Defendants as if set forth fully herein.

17.  Defendant denies each and every allegation of Plaintiff's Petition not heretofore responded to.

18.  Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend its Answer to include additional affirmative defenses at a later time.

WHEREFORE, Defendant Uber Technologies, Inc., having fully answered Plaintiff's Petition, requests that the Court dismiss Plaintiff's Petition with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

16

**EXHIBIT A**

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:    /s/ John M. Allen
      John M. Allen, #49642
      Catherine L. Schwarze, #71161
      8000 Maryland Avenue, Suite 640
      St. Louis, Missouri 63105
      Phone: (314) 446-3370
      Fax: (314) 446-3360
      Email: jallen@goldbergsegalla.com
             cschwarze@goldbergsegalla.com

      *Attorneys for Defendant Uber*
      *Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served through the Court's eFiling system and/or by facsimile, hand delivery, electronic mail, or U.S. Mail, postage prepaid, this 31st day of March, 2022 to all counsel of record.

        /s/ John M. Allen

17

**EXHIBIT A**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**
**SIXTEENTH JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| ANGELA SAVAGE-VASSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2116-CV24280 |
| v. | ) | |
| | ) | Division 16 |
| UBER TECHNOLOGIES, INC., and | ) | |
| JOSETTE PINO, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COME NOW Catherine L. Schwarze and the law firm of Goldberg Segalla, LLP, and enter their appearance on behalf of Defendant Uber Technologies, Inc., in the above-styled cause.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:  /s/ Catherine L. Schwarze
John M. Allen, #49642
Catherine L. Schwarze, #71161
PO Box 1017
Buffalo, NY 14201
Phone:  (314) 446-3370
Fax:  (314) 446-3360
Email: jallen@goldbergsegalla.com
        cschwarze@goldbergsegalla.com

*Attorneys for Defendant Uber*
*Technologies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Court's eFiling system and/or by facsimile, hand delivery, electronic mail, or U.S. Mail, postage prepaid, this 31st day of March, 2022 to all counsel of record.

 /s/ Catherine L. Schwarze

31909738.v1

**EXHIBIT A**



**IN THE 16th JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division: **16** | Case Number: **2116-CV24280** |
|---|---|

**ANGELA L SAVAGE-VASSER, represented by MARK EVERETT PARRISH**
vs.
**UBER TECHNOLOGIES, INC., represented by JOHN MACKEL ALLEN**
Case Type    **TE - CC Pers Injury-Vehicular**

### ORDER

#### SCHEDULING:

☒ This Case was called for case management conference on today's date.

☒ Attorney Erica Fumagalli appeared for Plaintiff. There were no appearances for defendant Uber.

☒ This matter is re-set for **Case Management Conference Call** on **May 25, 2022 at 8:10am**. Parties necessary shall call Toll Free: **1-888-204-5984** and when prompted enter Access Code: **9417657**.

☐ All discovery shall be commenced or served to be completed by _____.

☐ Designation and deposition or experts:

    ☐ Plaintiffs shall designate their retained and non-retained testifying experts by no later than _____.

    ☐ Plaintiffs shall make their retained expert witnesses available for deposition by no later than _____.

    ☐ Defendants shall designate their retained and non-retained testifying experts by no later than _____.

    ☐ Defendants shall make their retained expert witnesses available for deposition by no later than _____.

☐ All potentially dispositive motions shall be filed no later than _____. No extensions shall cause the final sur-reply to be filed less than twenty (20) days prior to trial.

☐ Not later than fourteen (14) calendar days before trial, the parties shall serve and file with the Court a designation, by page and line, of any deposition testimony that the offering part intends to read at trial. Not later than seven (7) calendar days before trial, each party shall serve and file with the Court any objections to the other party's deposition designations and shall provide any counter-designations. Not later than three (3) calendar days before trial, the parties shall serve and file with the Court any objections to the other parties' counter-designations.

☐ Motions in limine and supporting briefs shall be filed not later than ten (10) calendar days before the date of trial. Brief in opposition to motions in limine shall be filed not later than three (3) calendar days before trial.

☐ Proposed jury instructions shall be filed by the parties not later than Friday preceding the trial.

☐ Any request for a hearing on discovery issues or dispositive motions shall be in writing.

☐ Continuance requests shall conform to local rule 34.1. The parties are encouraged to approach the Court as soon as timelines in the scheduling order are not met.

☐ Mediation is ordered.

☐ Other: _____.

#### NOTES:

☐ Expected Length of Trial: _____ days. Jurors Requested: _____ .

☐ Status of Discovery: _____.

    ☐ Written: _____.

    ☐ Depositions: _____.

**IT IS SO ORDERED.**

| _____ | _Marco A. Roldan_ |
|---|---|
| APRIL 20, 2022 | |
| Date | Judge **MARCO A ROLDAN** |

Case no.2116-CV24280                    Page 1 of 1      **EXHIBIT A**              16CVSCHED (12/2018)